J. R. GOODWIN AND VETTER GOODWIN, HIS WIFE, *Appellants*, v. HARWOOD ROSSER AND AUGUSTUS FITCH, JR., *Appellees*.

A contract to convey land to "G. and associates" will not be specifically enforced in favor of R. & F. the assignees of G. alone, when it does not appear that R. & F. were the associates of G. or the word "associates" means assigns.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.'

*A. H. King, Roswell King* and *Van C. Swearingen,* for Appellants.

*Harwick & Jennings* and *Eugene Hale,* for Appellees.

WHITFIELD, C. J.—This suit was brought by the appellees against appellants for the specific performance of the following contract to convey real estate:

"Rec'd of M. C. Greeley and associates, Ten ($10.00) Dollars on account purchase price of Twelve Thousand

Dollars ($12,000.00) for Lots 1, 2, 13 and 14, Block between Cheney St. and Willow Branch Ave., ¼ cash, ¼ in one, two and three years. Interest 7%. Owner to have use of place until July 1st, 1912, and to charge no interest and to pay ½ taxes of year 1912.

This option to be good for sixty days.
                    (Signed)   J. R. GOODWIN.

(Indorsed on back)

I hereby transfer my interest in within property to Harwood Rosser and Augustus Fitch, Jr.
                    (Signed)   MELLIN C. GREELEY."

A demurrer to the bill of complaint was overruled, and defendants appealed.

The contract was made by J. R. Goodwin, the owner of the land, with M. C. Greeley and associates, and it does not appear that Rosser and Fitch were the associates of Greeley, referred to in the contract. As the contract provided for time payments and was made by Goodwin with "M. C. Greeley and associates," and not with M. C. Greeley and his assigns, it does not appear by the contract or by allegations that the contract contemplated that the vendor would take other than the named vendees as his debtors for time payments. No facts are alleged to indicate that the words "and associates" as used in the contract refer to "assigns," as was found to be the intended meaning of such words in Duncan v. Beard, 2 Nott & McCord (S. C.) 400.

The complainants have not by appropriate allegations shown themselves to be entitled to the specific enforcement of a contract that was made with "M. C. Greeley and associates." If the complainants are not Greeley's "associates" in the contract, they are not entitled to specific performance, and if they are such "associates," it

is not so alleged. Greeley himself is not asking specific performance, and it does not appear that the contract contemplated a conveyance with a time consideration to any one other than "M. C. Greeley and associates;" nor does it appear what has become of the interests of the associates.

The order overruling the demurrer to the bill of complaint is reversed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.